The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

James A. O'CALLAGHAN, Respondent.

No. 88–1450.

Supreme Court of Iowa.

Feb. 22, 1989.

James E. Gritzner and Eric P. Sloter of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for complainant.

Lee H. Gaudineer of Austin, Gaudineer, Austin, Salmons & Swanson, Des Moines, for respondent.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and SNELL, JJ.

SNELL, Justice.

The complaint in this attorney disciplinary proceeding charged that the respondent, James A. O'Callaghan, commingled his personal funds with funds of his clients in his office trust account for several months in 1987. A division of the Grievance Commission found that commingling occurred and that a misappropriation of client funds took place. Accordingly, the commission recommended O'Callaghan's license to practice law in Iowa be suspended for not less than three months.

As in all attorney disciplinary cases, we review de novo the record made before the commission. Iowa Sup.Ct.R. 118.11. We give respectful consideration to the commission's recommendations but are not bound by them. *Committee on Professional Ethics & Conduct v. Jay*, 430

N.W.2d 115, 116 (Iowa 1988); *Committee on Professional Ethics & Conduct v. Belay*, 420 N.W.2d 783, 784 (Iowa 1988). In determining the discipline to be imposed, we tailor the sanction to fit the particular circumstances, considering not only the respondent's fitness to practice law, but also the need to deter others from similar conduct. *Committee on Professional Ethics & Conduct v. Steele*, 414 N.W.2d 108, 112 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Getscher*, 356 N.W.2d 557, 559 (Iowa 1984).

■ O'Callaghan is a sixty-seven-year-old attorney practicing law as a sole practitioner in Des Moines, Iowa. He has been licensed to practice law in this state since 1951 and has engaged in a general law practice since 1952. He is currently practicing only part-time. For the past five years, the net annual income from his practice has been modest.

Several years ago O'Callaghan incurred a debt to the Internal Revenue Service that he was unable to pay. The IRS responded in 1986 to this inability by garnishing his personal checking account, which resulted in the closing of the account. O'Callaghan considered opening a new personal account but decided not to since it would likely suffer the same garnishment as the prior account. He thereupon began using his office trust account for personal deposits and expenditures. It is not disputed this action was in violation of EC 9–5 and DR 9–102(A) of the Iowa Code of Professional Responsibility for Lawyers. *See Committee on Professional Ethics & Conduct v. Thompson*, 328 N.W.2d 520, 523 (Iowa 1983).

The investigation of this matter commenced when O'Callaghan's check to the Client Security and Attorney Disciplinary Commission was returned by his bank due to insufficient funds. Subsequently, O'Callaghan was asked to provide the records of his office trust account from July 1985 to August 1987. He was able to assemble only those records for January 1987 to June 1987, and for August 1987. This failure to keep complete and current records of his office trust account was in violation of DR 9–102(B) and DR 9–103(A). *See Committee on Professional Ethics & Con-duct v. Lucas*, 420 N.W.2d 781, 782 (Iowa 1987).

An audit of the available records revealed one instance in which O'Callaghan used client funds for purposes for which they were not intended. In early 1987, O'Callaghan successfully represented Brian and Michelle Bertrand in a personal injury claim. On March 3, 1987, the settlement amount of $8000 was deposited in O'Callaghan's office trust account. The Bertrands received payment of $5,061.39 by a check dated March 2. The remaining balance of the $8000 was to satisfy O'Callaghan's attorney fees and to pay $449.20 to Dr. David Hannon, an expert witness hired for the Bertrands' case. However, payment to Dr. Hannon was not made immediately. On March 30, the trust account registered a negative balance, indicating the money reserved for Dr. Hannon had been utilized for some other purpose. Payment to Dr. Hannon was ultimately made by a check dated April 2 with funds from a source other than the Bertrand settlement.

We believe this incident serves to graphically demonstrate the dangers posed by the commingling of an attorney's funds with those of his clients. To guard against these dangers, we have consistently stated that the proscription against commingling is absolute. By violating this proscription, O'Callaghan has called into question his "fitness to carry out the lawyer's duty to preserve and protect the funds of a client." *Steele*, 414 N.W.2d at 112–13.

We therefore suspend James A. O'Callaghan's license to practice law in the courts of this state indefinitely, with no possibility of reinstatement for three months from the filing of this opinion. During the period of suspension, he shall refrain from the practice of law as that term is defined in Iowa Supreme Court Rule 118.12. The costs of this action shall be assessed against O'Callaghan in accordance with Iowa Supreme Court Rule 118.22.

LICENSE SUSPENDED.