The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Robert CLAUSS, Jr., Respondent.

No. 270.

Supreme Court of Iowa.

Sept. 20, 1989.

Charles L. Harrington, Des Moines, for complainant.

Roger J. Kuhle of Kuhle & Sanders, P.C., Des Moines, for respondent.

ANDREASEN, Justice.

This lawyer disciplinary matter is before us for de novo review and final disposition. Iowa Ct.R. 118.10. The Committee on Professional Ethics and Conduct (committee) charged Robert Clauss, Jr., with several claims of misconduct. The Grievance Commission (commission) conducted a hearing upon the charges. Following hearing the commission filed their findings, conclusions and recommendation.

The commission concluded Clauss had (1) knowingly and willfully failed to file timely his state income tax returns for 1985 and 1986 and his federal income tax returns for 1984, 1985, and 1986, (2) made false statements about his income tax filings on his 1986 and 1987 combined statement and questionnaire for the Client Security and Attorney Disciplinary Commission (client security commission), (3) made false statements on his combined statement and questionnaire about his performed monthly reconciliations of his trust accounts and his proper maintenance of an office trust account, (4) failed to maintain properly a client's trust account, and (5) commingled client funds with his own personal funds in his regular office checking account.

The commission concluded Clauss had violated the provisions of the Iowa Code of Professional Responsibility and had specifically violated the following ethical considerations and disciplinary rules: EC 1–5 (requires high standards of conduct); EC 9–5 (cautions against commingling funds); DR 1–102(A)(1) (prohibits violation of disciplinary rules), (4) (prohibits dishonesty, fraud, deceit or misrepresentation), (5) (prohibits conduct prejudicial to the administration of justice), (6) (prohibits conduct that would adversely reflect on the lawyer's fitness to practice law); DR 9–102(A) (requires all client funds to be deposited in identifiable interest bearing trust accounts), (C) (requires each trust account be in a properly regulated financial institution); DR 9–103(A) (requires lawyers to maintain current books and records), (B) (requires lawyers certify that books and records are maintained as required). The commission

recommended that Clauss's license to practice law be suspended for sixty days.

■ Clauss took no appeal from the committee's findings and recommendation. We are not bound by the findings or recommendations, but give respectful consideration to them. The burden is upon the committee to prove by a convincing preponderance of the evidence that Clauss has violated the Code of Professional Responsibility as charged. *Committee on Professional Ethics & Conduct v. Davidson*, 398 N.W.2d 856, 856 (Iowa 1987).

Clauss has been licensed to practice law in this state since 1972. After working three years for the Internal Revenue Service, he entered private practice. He has been a sole practitioner and has performed his own office bookkeeping and banking. His primary practice is collection work. He normally deposited collected client funds in his office checking account and then remitted to his client the amount collected less his percentage fee.

Clauss admits failing to file timely his income tax returns. He explains that his 1982 federal income tax return was being audited. He did not file timely the income tax returns for the following years because he was not sure what his deductions would be: 1984, 1985, 1986 (federal) and 1985, 1986 (state). He continued to make quarterly income tax estimate payments although he did not file the yearly income tax returns.

He admits his responses to the client security commission were incorrect but explains he was not intentionally trying to conceal his failure to file timely his return. He testified that after talking with another attorney he did notify the client security commission that he had not filed his 1986 tax returns. He did not report his failure to file timely his 1984 and 1985 returns.

He admits he did not maintain client ledgers or other records as required by the disciplinary rules. He explains that most client money he received was just in and out of his office account. He admits he commingled client money with his office bank account.

From our review of the record the evidence offered supports the commission's findings and conclusions. We, like the commission, find Clauss violated the ethical considerations and disciplinary rules as identified in the commission's report.

■ However, we do not follow the commission's suspension recommendation. We continue to impose meaningful license suspension in our effort to end income tax violations by Iowa attorneys. *Committee on Professional Ethics & Conduct v. Ramey*, 424 N.W.2d 435, 436 (Iowa 1988). False answers about federal and state income tax filings on the client security commission questionnaires constitute ethical misconduct. *Committee on Professional Ethics & Conduct v. Morris*, 427 N.W.2d 458, 460 (Iowa 1988). The failure to deposit client funds in an interest-bearing trust account is not excused because no client complained or was injured by the practice. We have consistently condemned the practice of commingling attorney's funds with those of the client. *Committee on Professional Ethics & Conduct v. O'Callaghan*, 436 N.W.2d 51, 52 (Iowa 1989).

We hold Clauss's license to practice law should be suspended indefinitely with no possibility of reinstatement for six months. This suspension shall apply to all facets of the practice of law. *See* Iowa Sup.Ct.R. 118.12. Upon application for reinstatement, Clauss shall have the burden to prove that he has not practiced law during the period of suspension and that he has met the requirements of Supreme Court Rules 118.13 and 118.18. It is further ordered that the costs of this action be assessed against Clauss in accordance with Iowa Supreme Court Rule 118.22.

LICENSE SUSPENDED.

All Justices concur except LAVORATO, J., who takes no part.