COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Robert Bruce WASHBURN, Respondent.

No. 90–368.

Supreme Court of Iowa.

June 20, 1990.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

R. Bruce Washburn, pro se.

ANDREASEN, Justice.

This lawyer disciplinary matter is before us for de novo review and final disposition. Iowa Sup.Ct.R. 118.10. The Committee on Professional Ethics and Conduct (committee) charged Robert Bruce Washburn with several claims of misconduct. The Grievance Commission (commission) conducted a hearing upon the charges. Following hearing the commission filed their findings, conclusions, and recommendations.

The commission concluded that Washburn: (1) knowingly and willfully failed to file timely his state income tax returns for 1984, 1985, 1986, and 1987, and his federal income tax returns for 1985, 1986, and 1987, and (2) made false statements about his 1984 state income tax return and 1985 federal income tax return on his 1986 and 1987 combined statement and questionnaire for the Client Security and Attorney Disciplinary Commission (client security commission). The commission concluded that Washburn had violated the provisions of the Iowa Code of Professional Responsibility. The commission recommended that Washburn's license to practice law be suspended for three months.

We are not bound by the commission's findings or recommendations, but we give respectful consideration to them. The burden is upon the committee to prove by a convincing preponderance of the evidence that Washburn has violated the Code of Professional Responsibility as charged. *Committee on Professional Ethics and Conduct v. Clauss,* 445 N.W.2d 758, 760 (Iowa 1989).

Washburn admits failing to file his 1986 and 1987 state and federal income tax returns. He explains that during this time he was suffering from alcohol and substance abuse and from a bipolar manic depressive personality. With respect to the 1984 and 1985 income tax returns iden-

tified in the report, he denies that he knowingly and willfully failed to file them in a timely fashion. The returns he filed were returned to him as unacceptable because he did not have the necessary supporting documentation. Washburn also denies making false statements on the client security commission questionnaires. Even though he knew that the taxing authorities did not feel he had provided sufficient information, he believed the tax dispute was over whether he had made an adequate filing and not whether he had made a filing at all.

Washburn was admitted to the Iowa Bar in 1975. Since November of 1988, he has not engaged in the practice of law in Iowa. At that time, he moved to Arizona, where he works as a legal assistant in the Phoenix law firm of Ayers & Graham. Affidavits filed by three members of the firm disclosed that Washburn is a capable and conscientious employee. Since January of 1986, Washburn has received treatment from a physician, and he is a member of Alcoholics Anonymous. His physician's affidavit disclosed that Washburn has made a steady recovery and is now able to function normally as an attorney.

From our review of the record, we find that Washburn knowingly and willfully failed to file his 1986 and 1987 state and federal income tax returns in a timely fashion. This conduct violates the following ethical considerations and disciplinary rules: EC 1–5 (requires high standards of conduct); DR 1–102(A)(1) (prohibits violation of disciplinary rules), (5) (prohibits conduct prejudicial to the administration of justice), and (6) (prohibits conduct that would adversely reflect on the lawyer's fitness to practice law).

With respect to the 1984 and 1985 income tax returns identified in the report, we cannot conclude that Washburn knowingly and willfully failed to file them. The returns, although incomplete, were filed within the time allowed under extensions granted by the taxing authorities. The record shows that in other years the taxing authorities accepted his returns without the necessary supporting documentation. We find insufficient evidence that Washburn knowingly and willfully failed to file the 1984 and 1985 returns.

Similarly, we find insufficient evidence that Washburn made false statements about the filing of the 1984 and 1985 income tax returns on the 1986 and 1987 client security commission questionnaires. At the times he completed the questionnaires, he had filed the returns, which showed that the taxes had been withheld and that he was entitled to refunds. Washburn admitted on his 1988 questionnaire his failure to file his 1986 income tax returns.

We continue to impose meaningful license suspension in our effort to end income tax violations by Iowa attorneys. *Clauss,* 445 N.W.2d at 760. Although an attorney's substance abuse problems and efforts to control them do not excuse misconduct, they are factors we consider. *Committee on Professional Ethics & Conduct v. Jackson,* 429 N.W.2d 122, 123 (Iowa 1988). We have considered the positive steps that Washburn has taken in overcoming his substance abuse and agree with the commission that the sanction should be mitigated accordingly.

We hold that Washburn's license to practice law should be suspended indefinitely with no possibility of reinstatement for three months. This suspension shall apply to all facets of the practice of law. *See* Iowa Sup.Ct.R. 118.12. Upon application for reinstatement, Washburn shall have the burden to prove that he has not practiced law during the period of suspension and that he has met the requirements of Iowa Supreme Court Rules 118.13 and 118.18. It is further ordered that the costs of this action be assessed against Washburn in accordance with Iowa Supreme Court Rule 118.22.

LICENSE SUSPENDED.

LAVORATO, Justice (dissenting).

I dissent because I think this case warrants no more than a reprimand.

LARSON, SCHULTZ and CARTER, JJ., join this dissent.