COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Appellee,

v.

M. Wayne OLTROGGE, Appellant.

No. 90-887.

Supreme Court of Iowa.

Nov. 21, 1990.

Roger L. Sutton of Sutton Law Office, Charles City, for appellant.

Charles L. Harrington, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and NEUMAN, JJ.

PER CURIAM.

This is an appeal by respondent, M. Wayne Oltrogge, from findings and recommendations of the second division of the Grievance Commission of this court. The commission recommended that respondent's license to practice law in this state be suspended for not less than one year.

The commission's recommendation was based on its finding that respondent had failed to timely file state and federal income tax returns for several years and had made a series of false answers to Client Security and Attorney Disciplinary Com-

mission questionnaires. We review the commission's findings and recommendations pursuant to court rule 118.11. Our review of both the facts and recommendations is de novo. *Committee on Professional Ethics & Conduct v. Washburn,* 456 N.W.2d 907 (Iowa 1990); *Committee on Professional Ethics & Conduct v. Clauss,* 445 N.W.2d 758, 760 (Iowa 1989).

The Grievance Commission heard evidence concerning the failure of respondent to file income tax returns, both federal and state, within the times prescribed by law for the calendar years 1983, 1984, 1985, 1986, and 1987. Respondent conceded this failure at the hearing and also conceded that he falsely answered questions concerning his income tax returns on four annual Combined Statements and Questionnaires from the Client Security and Attorney Disciplinary Commission. On a fifth questionnaire, respondent asserted his fifth amendment protection.

This court has consistently recognized that the willful failure to file state or federal income tax returns within the time required by law is a violation of DR 1-102(A)(5), (6) of the Iowa Code of Professional Responsibility for Lawyers. *E.g., Committee on Professional Ethics & Conduct v. Summa,* 416 N.W.2d 690, 691 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Munger,* 375 N.W.2d 248, 251 (Iowa 1985). The nonfiling of tax returns which is revealed in the present record was clearly willful under the standards adopted in *Committee on Professional Ethics & Conduct v. Crawford,* 351 N.W.2d 530, 532 (Iowa 1984). We have also consistently recognized that false statements on a Client Security and Disciplinary Commission questionnaire violate not only court rules 121.4(b) and (c), but also violate DR 1-102(A)(4). *Munger,* 375 N.W.2d at 252. The commission also found, based on the records of this court, that we reprimanded respondent in 1981 for the neglect of client matters entrusted to him. Notwithstanding these conceded violations, respondent challenges the commission's recommendation concerning a sanction. He urges that a suspension of no more than ninety days would be more appropriate.

Respondent attributes his failure to file his income tax returns when due to a volitional paralysis which he was powerless to overcome. This occurred, he contends, while he was suffering the effects of a broken marriage and some severe financial setbacks. This excuse, even if relevant to the culpability attributable to the nonfiling of income tax returns, does not explain the series of false answers to the annual questionnaires, each of which was a serious breach of the rules of this court.

We find the recommendation of the Grievance Commission falls within the range of sanctions applied in other cases for similar violations. Indeed, it is possible to find examples of equal or more onerous sanctions imposed for seemingly less serious instances of failing to file income tax returns. *See, e.g., Summa,* 416 N.W.2d at 691 (minimum suspension of one year for failing to timely file federal income tax returns for four years and state returns for two years and four false responses on questionnaires); *Committee on Professional Ethics & Conduct v. Jones,* 368 N.W.2d 157, 158 (Iowa 1985) (minimum suspension of fifteen months imposed for failing to file state income tax returns for three years and making false statements on three questionnaires). Consequently, we adopt the recommendation of the commission.

We order that respondent M. Wayne Oltrogge's license to practice law in this state be suspended indefinitely with no possibility of reinstatement for one year. This suspension shall apply to all facets of the practice of law. *See* Iowa Sup.Ct.R. 118.12. Upon application for reinstatement, respondent shall have the burden to prove that he has not practiced law during the period of suspension and that he has met the requirements for client notification and disengagement set forth in court rules 118.13 and 118.18. It is further ordered that the costs of this action be assessed against respondent.

LICENSE SUSPENDED.