COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

Robert CLAUSS, Jr., Respondent.

No. 90-1702.

Supreme Court of Iowa.

April 17, 1991.

Charles L. Harrington, Des Moines, for complainant.

Roger J. Kuhle, Des Moines, for respondent.

SNELL, Justice.

This attorney disciplinary proceeding involves ethical misconduct in a collection matter. Respondent, Robert Clauss, Jr., is licensed to practice law in this state. He maintains an office in West Des Moines.

In September 1989, this court suspended respondent's license for six months for failure to file timely income tax returns, making false statements on several combined statements and questionnaires for the client security and attorney disciplinary commission regarding his tax filings and trust account, failure to maintain adequate trust account records, and commingling client funds with his own personal funds. *See Committee on Professional Ethics &* *Conduct v. Clauss,* 445 N.W.2d 758 (Iowa 1989). His license was later reinstated.

On June 28, 1990, the Committee on Professional Ethics and Conduct of the Iowa State Bar Association (committee) filed a complaint against respondent alleging ethical misconduct in a collection matter. The Grievance Commission (commission) conducted a hearing upon the complaint. The commission then filed its findings of fact, conclusions of law, and recommendation, finding Clauss had violated provisions of the Iowa Code of Professional Responsibility for Lawyers. The commission recommended that respondent's license to practice law be suspended for a period of forty-five days.

In December 1986, respondent was retained by AMAN Collection Service, Inc., of Aberdeen, South Dakota, to collect the balance due Kirkwood Community College (Kirkwood) on a student loan to Cheryl Ristola. Cheryl obtained national direct student loans to attend Kirkwood in Cedar Rapids. She is now a licensed practical nurse in Iowa City. On March 4, 1988, respondent filed a small claims suit on behalf of Kirkwood against Cheryl in Johnson County, seeking the principal amount of $254.86 plus reasonable attorney's fees.

On March 8, 1988, Cheryl wrote respondent a letter and enclosed two postdated checks for $154.86 and $100 for payment of the principal amount due. Respondent received these checks and deposited them in the bank on or about March 19, 1988, and April 19, 1988, respectively. Because both checks cleared, respondent had recovered the full amount of the principal claimed by Kirkwood.

Six months later, in October 1988, respondent requested that the clerk of court enter a default judgment against Cheryl, providing a computation of attorney's fees and other documentation supporting entry of the judgment. Significantly, respondent failed to inform the clerk that Cheryl had already paid the principal amount in full.

On October 28, 1988, default judgment was entered against Cheryl in the principal amount of $254.86 with interest at the rate

of ten percent from March 4, 1988, attorney's fees of $240, and costs of $27.50.

On November 2, 1988, respondent informed Cheryl that she still owed $308.48 on the Kirkwood account. This amount was more than she owed on the judgment, as respondent's attorney concedes. However, because the court was uninformed that Cheryl had paid $254.86 prior to judgment, she was assessed interest on this amount.

A few days later, in a letter to Cheryl dated November 5, 1988, respondent stated that if she paid the $308.48 over four months, he would file a satisfaction and she would never hear from him again. She complied with respondent's demand and sent the requested amount in four installments. However, respondent did not file the satisfaction as promised. Instead, he once again wrote Cheryl on June 2, 1989, informing her that his records indicated that she still owed a "small amount."

By letter of August 26, 1989, respondent demanded that Cheryl pay another forty-two dollars after which we "would be happy to file a satisfaction piece." In the letter, respondent claimed the forty-two dollars was due and owing because he believed he had only recovered $484.86 (even though she had paid him $254.86 prior to judgment and $308.48 after judgment, for a total of $563.34). Cheryl secured legal counsel, filed suit against the respondent, and the claim was settled.

Our scope of review of the commission's findings, conclusions, and recommendations in lawyer disciplinary matters is de novo. Iowa Sup.Ct. R. 118.11; *Committee on Professional Ethics & Conduct v. Nadler,* 467 N.W.2d 250, 254 (Iowa 1991). We give respectful consideration to the commission's findings, conclusions, and recommendations but are not bound by them. *Committee on Professional Ethics & Conduct v. Davidson,* 398 N.W.2d 856, 856 (Iowa 1987). The burden is on the committee to prove by a convincing preponderance of the evidence that the respondent has violated the Iowa Code of Professional Responsibility for Lawyers as charged. *Committee on Professional Ethics & Conduct v. Seff,* 457

N.W.2d 924, 925 (Iowa 1990). A convincing preponderance of the evidence is a greater quantum of evidence than that required in a civil trial but less than that required to sustain a criminal conviction. *Committee on Professional Ethics & Conduct v. Hurd,* 375 N.W.2d 239, 246 (Iowa 1985).

At the hearing conducted by the commission, respondent admitted in substance the facts we have recited. He contends, however, given the volume of his work (800 to 900 open collection files), mistakes happen and that he did not knowingly, willfully, or intentionally do anything misleading or deceitful. At the worst, respondent contends, he "has perhaps failed to advise the court of a partial satisfaction of a prayer, which failure arose from haste, oversight, a degree of sloppiness, and perhaps having too much work." We, like the commission, find this excuse unpersuasive.

By obtaining a default judgment against Cheryl without informing the court that she had already paid the principal amount due, respondent made a misrepresentation by omission in violation of DR 1–102(A)(4) and engaged in conduct adversely reflecting on his fitness to practice law in violation of DR 1–102(A)(6). Further, such conduct demonstrates that the respondent knowingly advanced a claim unwarranted under existing law or concealed or knowingly failed to disclose information which he was required by law to reveal in violation of DR 7–102(A)(2) and (3).

Additionally, respondent's further overtures to Cheryl in claiming amounts due which were in fact not due and representing that they were ordered to be paid by the court constitutes misrepresentation in violation of DR 1–102(A)(4) and (6).

While this court and the committee recognize that respondent has attempted to rectify the staffing and organizational problems in his solo law practice, we do not believe that the preliminary efforts testified to by respondent mitigate or otherwise excuse the violations of the Iowa Code of Professional Responsibility charged and proven by the committee. The commission found the facts as we have recited them,

concluded that respondent acted in violation of the Iowa Code of Professional Responsibility of Lawyers, and recommended that his license be suspended for a period of forty-five days. Respondent's actions here could easily warrant the forty-five day suspension recommended by the commission. However, since this case arose, respondent completed a six month suspension that was based in part on conduct stemming from similar office practices. We were satisfied that these poor practices were corrected prior to his reinstatement. *See Committee on Professional Ethics & Conduct v. Clauss*, 445 N.W.2d 758 (Iowa 1989). Had we been aware of the offense now considered, we are satisfied that the earlier suspension would not have been lengthened. Accordingly, we see no purpose served by ordering another suspension insofar as a deterrence or protection of the public is concerned. We therefore reprimand Robert Clauss, Jr. for his unprofessional conduct outlined herein.

It is further ordered that the costs of this action be assessed against respondent in accordance with Iowa Supreme Court Rule 118.22.

ATTORNEY REPRIMANDED.

All Justices concur except
LAVORATO, J., who takes no part.