**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

**v.**

**David J. ERBES, Respondent.**

**No. 97–1720.**

Supreme Court of Iowa.

Jan. 21, 1998.

**270**

David J. Grace, Norman G. Bastemeyer, and Charles L. Harrington, Des Moines, for complainant.

David J. Erbes, Des Moines, pro se.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

LARSON, Justice.

The respondent, David J. Erbes, an attorney in Des Moines, is charged with misconduct for neglecting a legal matter entrusted to him, a violation of DR 6–101(A)(3), and failing to respond to inquiries from the Board of Professional Ethics and Conduct, a violation of DR 1–102(A)(1), (5), and (6). We conclude that the allegations of the Board's complaint were established by a convincing preponderance of the evidence, and we agree with the grievance commission's recommendation of a public reprimand.

The respondent represented Debra Speirs in connection with an application to modify Speirs' dissolution decree. The application to modify the decree was filed in April 1992. For several years after the application was filed, the respondent did not contact his client. When, on several occasions, Ms. Speirs tried to call the respondent, he did not return her calls. When, on two or three occasions, she was finally able to reach Erbes, he told her that he was awaiting a date for a hearing to be set by the court. Speirs heard nothing from Erbes in 1993, 1994, or 1995. In March 1994 Speirs wrote to Erbes but received no reply. She wrote again in October 1995 and requested that he withdraw. Speirs then hired another lawyer who completed the modification in 1996, approximately four years after it was filed.

Speirs' complaint, originally filed with the Polk County Bar Association, was referred to the Board of Professional Ethics and Conduct (board). The board sent a notice of the complaint by certified mail, and the respondent signed the certified mail receipt. He requested an extension of time, which was granted by a letter from the board dated July 11, 1996. Later that month, the respondent was contacted again but made no response.

■ At the hearing before the commission, the respondent testified that when he responded to a representative of the Polk County Bar Association he thought this was a sufficient response. The commission found this unpersuasive, and so do we.

The board charges, and the commission found, that the respondent violated DR 6–101(A)(3) by neglecting the legal matter entrusted to him in connection with the Speirs' modification action. He also was charged with failing to respond to inquiries from the board contrary to DR 1–102(A)(1), (5), and (6), and the commission found that this allegation was also established.

■ On our de novo review, we conclude that the board has proven both allegations by a convincing preponderance of the evidence. The question remains as to what sanction should be applied. We note that the respondent has previously been reprimanded in connection with a violation of our advertising rules.

We believe that the neglect shown in connection with his handling of the modification matter as well as his inattention to inquiries

from the board deserve some form of sanction. We believe that the commission's recommendation of a public reprimand is appropriate and it is so ordered. Costs of this matter are assessed to respondent. *See* Ct. R. 118.22.

**ATTORNEY REPRIMANDED.**