**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**John J. SCIESZINSKI, Respondent.**

**No. 99–527.**

Supreme Court of Iowa.

Sept. 9, 1999.

Norman Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Delbert C. Binford, Des Moines, for respondent.

Considered by LARSON, P.J., and CARTER, TERNUS, CADY, and HARRIS,* JJ.

HARRIS, Senior Judge.

This lawyer disciplinary case involves profuse neglect in performing professional duties. Often, though certainly not routinely, we see discipline cases where the inattention reaches epic proportions. Neglected matters, each nagging for attention, add up. Exasperated clients demand

attention. The clamor, which might be expected to prompt a lawyer to act, sometimes has an opposite, freezing effect. In extreme cases the lawyer seems powerless either to attend to the obvious professional responsibilities, or to respond to the entreaties of our ethics board[1] when it inquires into the neglect. Our experience in a number of these strange cases enables us to trace these situations, and somewhat explain the misconduct. This does not mean though, that we can or will tolerate it.

This record precisely fits the mold. The respondent attorney, John J. Scieszinski, was admitted to the bar in 1978 and has been in sole private practice since 1982. His practice has consisted mainly of bankruptcy, collection, real estate, and domestic relations, with some venturing into probate. It is clear that he has not come to terms with the stern time requirements of a routine probate practice, because his neglected matters seem mainly to involve probate.

Scieszinski received eight district court notices of delinquency in a number of matters regarding estates (as well as conservatorships and guardianships) for failure to file annual reports, interlocutory reports, and final reports. When it was alerted, the board sent an initial notice of complaint by certified mail but Scieszinski did not respond. A second notice, also sent by certified mail, was returned "unclaimed." The board had Scieszinski personally served but still received no response. The board sent another initial notice by certified mail regarding a separate probate matter and once again received no response. A second notice, also sent by certified mail, was issued by the board stating that there must be a response within ten days, otherwise there would be an ethical violation. The board also sent letters by regular mail requesting a response. It was not until April

---

* Retired justice serving as senior judge pursuant to Iowa Code section 602.9206 (1999).

1. The Iowa Supreme Court board of professional ethics and conduct hereinafter "the board."

1997, more than six months after the board began prodding him, that Scieszinski finally responded. The process repeated itself when the board sent another initial notice by certified mail regarding a third probate matter in August 1997. There was no response. This was followed by a second notice of complaint which finally received a response on September 17, 1997. Almost without exception Scieszinski merely dropped the notices into a desk drawer and ignored them. He has undoubtedly committed ethical violations in failing to respond to these notices from the court and by the board. Iowa Code of Prof'l Resp. DR 6–101(A)(3) (neglect of client's legal matter); *Iowa Supreme Ct. Bd. of Ethics v. Apland,* 577 N.W.2d 50, 59–60 (Iowa 1998) (failure to cooperate with board investigation is conduct prejudicial to the administration of justice under DR 1–102(A)(5)).

Scieszinski's explanation for his failures is that he suffers from major depression, a malady for which he finally sought and received psychiatric treatment. His depression is said to have precipitated, not only the neglect of the probate matters, but also his total failure to react to notices and demands of the board. Scieszinski tells us his treatment and medication resulted in marked improvement. He thinks he can now discharge his professional responsibilities.

█ We are not optimistic. On May 22, 1996, we issued Scieszinski a public letter of reprimand regarding seven prior probate matters so his problems should not have caught him unawares. But his personal problems are beside the point. The canons of ethics are not primarily intended to mete out abstract justice to wayward attorneys, but rather are chiefly intended to provide protection to the public. *Committee on Prof'l Ethics & Conduct v. Cook,* 409 N.W.2d 469, 470 (Iowa 1987) (we cannot excuse misconduct on the basis of personal problems). We like to think our certificate of admission to the bar is an indication to citizens that the holder can

and will render competent legal services. If this cannot or will not be done for any reason—even for a tragic reason—the holder must start considering another line of work.

Notwithstanding our doubts, we, with some reluctance, adopt the commission's recommendation of a second public reprimand. We have two provisos, both suggested by the commission. First we require as a condition for the continued right to practice law that Scieszinski continue—until further order of this court—to seek the counsel of the director of the Iowa lawyers assistance program. We also direct that—until further order of this court—respondent refrain from all probate practice.

John J. Scieszinski is hereby publicly reprimanded for the misconduct above described.

**ATTORNEY REPRIMANDED.**