COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

Monty R. BERTELLI, Respondent.

No. 87–1578.

Supreme Court of Iowa.

Feb. 17, 1988.

Kasey W. Kincaid of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, and Norman G. Bastemeyer, Des Moines, for complainant.

Patricia C. Kamath, Iowa City, for respondent.

Considered by SCHULTZ, P.J., and LAVORATO, NEUMAN, SNELL and ANDREASEN, JJ.

PER CURIAM.

This is a proceeding to review the findings and recommendation of our Grievance Commission. *See* Iowa Sup.Ct.R. 118.10. Following an evidentiary hearing, the commission found that respondent, Monty Ray Bertelli, had failed to timely file both Iowa and federal income tax returns for 1983, 1984 and 1985. The commission also found that Bertelli had given false answers to his Client Security and Attorney Disciplinary Commission questionnaires for 1985 and 1986 in regard to obtaining extensions for filing his 1983 and 1984 tax returns, respectively. Finally, the commission found that Bertelli had failed to respond to inquiries made by the Committee on Professional Ethics and Conduct of the Iowa State Bar Association. Based upon these findings, the commission recommended that Bertelli be suspended from the practice of law for one year.

■ Our review of this case is de novo. *E.g., Committee on Professional Ethics & Conduct v. Davidson*, 398 N.W.2d 856, 856 (Iowa 1987). We give respectful consideration to the commission's findings and recommendations but are not bound by them. *E.g., Committee on Professional Ethics & Conduct v. Zimmerman*, 354 N.W.2d 235, 236 (Iowa 1984). The burden is upon the committee to prove by a convincing preponderance of the evidence that the respondent has violated the Code of Professional Responsibility as charged. *E.g., Committee on Professional Ethics & Conduct v. Lawler*, 342 N.W.2d 486, 487 (Iowa 1984).

■ Our review persuades us the committee comfortably met its burden in demonstrating Bertelli's failure to timely file his tax returns. The actual filing dates were virtually uncontested at the hearing; the sole dispute on this point consisted of whether Bertelli had, in fact, ever filed his 1983 federal return. Bertelli proffered four reasons for the delay: (1) the dissolution of his marriage; (2) difficulties experienced in disassociating from a law firm; (3)

failure to realize that his income in the years in question was such that he was required to file; and (4) that he had sought extensions of time to file. We agree with the commission that the first three of these rationales are simply insufficient explanations.

In addition, the record amply supports the commission's conclusion that Bertelli's claim that he had sought extensions of time to file is not merely insufficient, but also false. Bertelli concedes he failed to keep a copy of the claimed requests for extensions. The remainder of the record contains nothing to support his claim and substantial evidence to negate it.

Bertelli admits his failure to respond to the inquiries made by the State Bar Association's Professional Ethics and Conduct Committee.

The commission found, and we agree, that Bertelli's failure to timely file his state and federal tax returns violates DR 1–102(A)(1), (4), (5) and (6). *See, e.g., Committee on Professional Ethics & Conduct v. Piazza,* 389 N.W.2d 382, 383 (Iowa 1986). Also, by falsely replying to the Client Security and Attorney Disciplinary Commission questionnaires, Bertelli violated DR 1–102(A)(4) and Iowa Supreme Court Rule 121.4(b), as found by the commission. *Id.* His failure to respond to the Professional Ethics and Conduct Committee violated EC 9–6, EC 1–4, and DR 1–102(A)(5) and (6). *Committee on Professional Ethics & Conduct v. Bromwell,* 389 N.W.2d 854, 857 (Iowa 1986).

Based upon the record before us, we suspend Bertelli's license to practice law in the courts of this state indefinitely without possibility of reinstatement for twelve months. This suspension shall apply to all facets of the law practice. Iowa Sup.Ct.R. 118.12. Any application for reinstatement shall be governed by Iowa Supreme Court Rule 118.13. Costs are assessed against the respondent. Iowa Sup.Ct.R. 118.22.

LICENSE SUSPENDED.