**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**James W. RAMEY, Respondent.**

**No. 88–370.**

Supreme Court of Iowa.

June 15, 1988.

As Corrected Sept. 12, 1988.

James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for complainant.

Thomas P. Hyland of Hyland, Laden & Pearson, P.C., Des Moines, for respondent.

ANDREASEN, Justice.

■ This lawyer disciplinary matter is before us for de novo review and final disposition in accordance with Iowa Supreme Court Rule 118.10. The Committee on Professional Ethics and Conduct of the Iowa State Bar Association (committee) charged James W. Ramey with failing to timely file his income tax returns, making a false statement on a Client Security questionnaire, and failing to respond to the inquiries by the Client Security and Attorney

Disciplinary Commission. Following hearing, the Grievance Commission (commission) found Ramey had violated the Code of Professional Responsibility as charged, and recommended his license to practice law be suspended for six months. We have reviewed the record made before the commission and concur with its findings.

James W. Ramey has been licensed to practice law in Iowa since the spring of 1975. Except for a two-year period, between August of 1979 and August of 1981, he was employed as either Assistant Polk County Attorney or Assistant Attorney General for the State of Iowa. He is a competent, hardworking criminal prosecutor.

Ramey admits he did not timely file his 1982 federal income tax return and his 1982, 1984, and 1986 Iowa state income tax returns. All of these returns have now been filed. As a result of tax withholding by his employer, Ramey's delinquent tax returns reflect an overpayment, not an underpayment, of income tax. He did timely file his 1983 and 1985 Iowa state income tax returns, and his 1983, 1984, 1985 and 1986 federal returns.

Ramey admitted filing a 1984 combined statement and questionnaire with the Client Security and Attorney Disciplinary Commission (client security commission) that certified he had filed his 1982 federal and state income tax returns. His 1986 questionnaire correctly reported that his 1984 Iowa income tax return had not been filed.

Ramey admits receiving letters of inquiry from the assistant court administrator on behalf of the client security commission in January, February, and March of 1987 requesting verification of his income tax filings. Ramey did not respond to these inquiries, but later responded to an inquiry from the committee relating to his filing of 1984 Iowa state income tax returns.

We concur in the Grievance Commission's findings that Ramey's failure to timely file four income tax returns, and his false certification that the 1982 income tax returns were filed, violated the Iowa Code of Professional Responsibility for Lawyers: EC 1–5; and DR 1–102(A)(1), (4), (5) & (6).

■ We concur in the Grievance Commission's finding that Ramey's failure to respond to inquiry from the client security commission is a separate disciplinary violation. A lawyer should assist committees and boards having responsibilities for the administration of the disciplinary rules. EC 1–4.

The client security commission's duties include examination of lawyer defalcations and breaches of the Iowa Code of Professional Responsibility for lawyers. Iowa Supreme Court Rule 121.1(b)(1). Under the supervision of the court and the client security commission, the assistant court administrator annually submits a questionnaire to members of the Iowa Bar designed to elicit information, including income tax filing information, to determine whether the members are complying with the Iowa Code of Professional Responsibility. Iowa Supreme Court Rule 121.4(b)(1). A lawyer's right to practice may be suspended for failure to complete and return a questionnaire. Iowa Supreme Court Rule 121.-4(b)(2).

■ The failure to respond to inquiries from the Committee on Professional Ethics and Conduct of the Iowa Bar Association or a county disciplinary committee is misconduct. *See Committee on Professional Ethics & Conduct v. Horn*, 379 N.W.2d 6, 8 (Iowa 1985); *see also Committee on Professional Ethics & Conduct v. Stienstra*, 390 N.W.2d 135, 137 (Iowa 1986) (no distinction between state and local committees investigating complaints against lawyers for misconduct). To insure public confidence, it is equally necessary that an attorney respond to inquiries from the assistant court administrator acting for the Client Security and Attorney Disciplinary Commission.

■ We are not bound by the Grievance Commission's recommendations, but do give respectful consideration to them. We continue to impose license suspensions in our effort to end income tax filing violations by Iowa attorneys. *See Committee*

on *Professional Ethics & Conduct v. Houser,* 423 N.W.2d 1 (Iowa 1988); *Committee on Professional Ethics & Conduct v. Bertelli,* 422 N.W.2d 175 (Iowa 1988); *Committee on Professional Ethics & Conduct v. Belay,* 420 N.W.2d 783, 784 (Iowa 1988). We find the Grievance Commission's recommendation to be appropriate.

Accordingly, we suspend James W. Ramey's license to practice law indefinitely with no possible reinstatement for six months from the date of the filing of this opinion. During this period of suspension Ramey shall refrain from the practice of law as that term is defined in Iowa Supreme Court Rule 118.12.

It is further ordered that the cost of this action shall be assessed against the respondent in accordance with Iowa Supreme Court Rule 118.22.

LICENSE SUSPENDED.

All Justices concur except LAVORATO, J., who takes no part.