**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**Andrew H. TORGERSON, Respondent.**

No. 98–1089.

Supreme Court of Iowa.

Oct. 21, 1998.

Norman G. Bastemeyer, Charles L. Harrington, and David J. Grace, Des Moines, for complainant.

Andrew H. Torgerson, Mason City, pro se.

* Senior judge assigned by order pursuant to Iowa

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN,* JJ.

HARRIS, Justice.

The facts in this lawyer disciplinary case are a replication of those in *Iowa Supreme Court Board of Professional Ethics & Conduct v. Apland,* 577 N.W.2d 50 (Iowa 1998). Upon our de novo review we concur in the findings and conclusions of the grievance commission. We quote from them the following, which we adopt as our own.

The Respondent [lawyer Andrew H. Torgerson] represented Steven Damjanovic on a state drug charge in May 1994, and met with Steven Damjanovic and his wife Polly at his office in Mason City, Iowa, and entered into a written fee contract ... which provided for a $5,000 minimum fee non-refundable retainer. The funds were paid to attorney Torgerson from money borrowed by Polly Damjanovic from her mother. When the Damjanovics perceived that Mr. Torgerson was not accomplishing the return of their funds which had been taken by State authorities after about a month of waiting, they contacted another attorney, Roger Sutton of Charles City, Iowa to represent them.

After attorney Roger Sutton had been retained to represent the Damjanovics, he requested attorney Torgerson to refund the unused portion of his retainer, but [Torgerson] declined to do so.... Sutton again requested [the] refund of [the] $4,300 unearned portion of his retainer on August 29, 1996.... The retainer was never returned.

....

[Torgerson's] contract for a non-refundable fee of $5,000 is a violation of DR 2–106(A) and should be void and unenforceable for the reasons set forth in *Board of Professional Ethics v. Apland....* This contract is a violation of the rules.

Respondent has admitted that he collected a clearly excessive fee and that he has violated DR 2–106(A), DR 2–110(A)(3) and

Code section 602.9206 (1997).

DR 1–102(A)(1)(5) and (6) of the Iowa Code of Professional Responsibility for Lawyers.

Respondent further has admitted that at the time he received the $5,000 retainer, that he had not earned the fee, that he did not deposit it in his Trust Account and that because of that he violated DR 9–102 of the Iowa Code of Professional Responsibility for Lawyers.

Respondent further has admitted that in his 1994 and 1995 Combined Statement and Questionnaire submitted to the Client Security and Attorney Disciplinary Commission, Respondent stated that all retainers were deposited in his Trust account, when in fact they were not, and this is in violation of DR 1–102(A)(4) and (6) of the Iowa Code of Professional Responsibility for Lawyers.

In view of the similarity between this case and *Apland,* the board recommended the public reprimand we ordered in that case. And we accede to the recommendation. Selection of such a sanction in *Apland* and in the present case should not be understood as precedent for future similar misconduct when attorneys will have the guidance of these holdings. The public interest, which drives the rules of professional conduct, may well demand harsher sanctions in future cases. Laypersons are inevitably and justly incensed when a lawyer fails to perform legal services after exacting a retainer. Their experience is particularly exasperating when, as here, a client, driven by circumstances into seeking the unperformed services, is unable to recoup the unearned funds. We consider such misconduct as outrageous, and pledge to elevate sanctions for future violations until the profession is rid of such conduct.

Respondent Andrew H. Torgerson is publicly reprimanded for the misconduct we have explained. Because it does not appear from the record on appeal that the $4300 unearned funds have been returned to the client, we retain jurisdiction on the matter and order that, within twenty days following the filing of this opinion, Torgerson certify to our clerk that he has paid the Damjanovics the $4300.

**ATTORNEY REPRIMANDED.**