IOWA SUPREME COURT BOARD OF
PROFESSIONAL ETHICS AND
CONDUCT, Complainant,

v.

Van M. PLUMB, Respondent.

No. 98–1951.

Supreme Court of Iowa.

Feb. 17, 1999.

Norman G. Bastemeyer, David J. Grace, and Charles L. Harrington, Des Moines, for complainant.

Van M. Plumb, West Des Moines, pro se.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

LARSON, Justice.

West Des Moines attorney Van Plumb is the respondent in this attorney disciplinary proceeding. The Iowa Supreme Court Board of Professional Ethics and Conduct charged Plumb with multiple violations of the Iowa Code of Professional Responsibility in connection with his representation of two separate clients. We adopt the findings of the grievance commission and suspend Plumb's license for a minimum of two months.

## I. *Facts.*

In 1994 Plumb agreed to represent Margaret Thomas (previously known as Margaret Smith) in a dissolution-of-marriage action. Thomas first became dissatisfied with Plumb's representation when he missed several appointments without notifying her ahead of time. More problems developed when Thomas's former husband could not be served. Plumb had elected to publish notice in a newspaper in Wichita, Kansas, where Thomas's husband was believed to reside. The district court ruled the notice was ineffective, however, due to errors in the publication process and ordered Thomas to republish notice in the Wichita paper or have her husband personally served.

Plumb admitted he did not proceed further with Thomas's divorce after the first publication was deemed ineffective, but he argued it was because Thomas never advanced money for the additional publication. Plumb also argued he thought Thomas committed perjury on an affidavit necessary for notice by publication and felt he could not proceed on the affidavit. The evidence suggesting such perjury was scant. The case was ultimately dismissed pursuant to rule 215.1, but Plumb did not notify Thomas of the dismissal. *See* Iowa R. Civ. P. 215.1 (requiring dismissal without prejudice of cases filed but not prosecuted for over one year).

After her dissolution petition was filed, Thomas also retained Plumb to terminate her husband's parental rights and to file a personal bankruptcy petition on her behalf. Plumb never commenced either action. Thomas ultimately hired another attorney, Erik Luthens, in June 1996 to complete her legal matters. Both Thomas and Luthens requested Plumb return her file. Plumb never responded to the written requests and never returned Thomas's file. He failed to withdraw from the dissolution case until Luthens filed a motion to compel Plumb's withdrawal three months after Thomas hired Luthens.

Another client, Donald Tuinstra, hired Plumb to file articles of incorporation on his behalf and paid Plumb's flat fee of $300. Plumb did not deposit Tuinstra's check in a trust account as required by DR 9–102(A). Instead, he deposited it in his personal account. Plumb failed to prepare the incorporation papers, and Tuinstra contacted another lawyer to commence the filing. Tuinstra requested Plumb return the $300 fee in December 1995. Plumb had already spent the money, but he eventually returned the payment in the form of a personal check in March 1996.

The board brought a complaint against Plumb for his negligent representation of these two clients. Plumb filed his responses two months after the thirty-day time limit in Iowa Rule of Civil Procedure 127(b). At the grievance commission hearing, Plumb testified he thought he was not required to respond if his answers were potentially self-incriminating. The board requested the allegations be deemed admitted because of the late filing. *See* Iowa R. Civ. P. 127(b); *see also Committee on Prof'l Ethics & Conduct v. Nadler*, 445 N.W.2d 358, 360 (Iowa 1989) (holding respondent attorney must notify committee within thirty days of filing of re-

quests for admission if attorney is claiming privilege against self-incrimination under Court Rule 118.6; otherwise, requests for admission are deemed admitted). The commission allowed Plumb's responses to stand, despite finding no evidence that his answers were self-incriminating.

The commission found in favor of Plumb on an alleged violation of DR 1–102(A)(4) (engaging in conduct involving dishonesty, deceit, or intentional misrepresentation) in connection with his representation of Thomas. The commission also found in favor of Plumb regarding alleged violations of DR 1–102(A)(3) (engaging in illegal conduct involving moral turpitude), (4) (engaging in conduct involving dishonesty, deceit, or intentional misrepresentation), (5) (engaging in conduct prejudicial to the administration of justice), and (6) (engaging in conduct reflecting adversely on fitness to practice law) in connection with Tuinstra's articles of incorporation.

■ The commission did find violations during Plumb's representation of Thomas, including DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), and (6) (engaging in conduct reflecting adversely on fitness to practice law). The commission also upheld the charge that Plumb violated DR 2–110(A)(2) (avoiding foreseeable prejudice to client by returning all papers and property to which client is entitled) by failing to return Thomas's file upon withdrawing from representation, and held that he violated DR 6–101(A)(1) (prohibiting lawyer from handling legal matter that lawyer knows or should know the lawyer is not competent to handle) and (3) (neglecting a client's legal matter) by failing to act competently in representing Thomas and neglecting her legal matters. Finally, the commission found violations of DR 9–102(B)(3) (failing to maintain records of funds and property of the client) and (4) (failing to promptly deliver to the client funds or property the client is entitled to receive) during Plumb's representation of Thomas.

■ With respect to Plumb's representation of Tuinstra, the commission found a violation of DR 6–101(A) (failing to act competently, failing to handle legal matter with adequate preparation, and neglecting client's legal matter) by failing to competently and adequately prepare articles of incorporation for Tuinstra. The commission also determined Plumb violated DR 9–102(A) (requiring all client funds, except retainer fees paid on a regular basis, to be deposited in trust account) by not depositing Tuinstra's payment in a separate account, and violated DR 9–102(B)(4) (requiring attorney to promptly deliver to client all funds client is entitled to receive) by not promptly returning Tuinstra's payment.

## II. Standard of Review.

■ We review the record and the commission's findings de novo. See Ct. R. 118.10; Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Steffes, 588 N.W.2d 121 (Iowa 1999). The board must establish the violations by a convincing preponderance of the evidence. Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Stein, 586 N.W.2d 523 (Iowa 1998). We have described the necessary proof as greater than that in a civil case but less than that in a criminal case. Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Lesyshen, 585 N.W.2d 281, 283 (Iowa 1998). We agree with the commission that the board met its burden of proof demonstrating Plumb violated our code of professional responsibility in his handling of the Thomas and Tuinstra cases.

## III. Discipline.

■ The purposes of attorney disciplinary proceedings, including "protecting the courts and the public from persons unfit to practice law, vindicating public confidence in the integrity of our system of justice, and deterring other lawyers from similar misconduct," guide us in determining the appropriate discipline. Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Hansel, 558 N.W.2d 186, 192 (Iowa 1997). We make our determination based upon the circumstances of each case. Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Carr, 588 N.W.2d 127 (Iowa 1999). Our cases imposing disciplinary action on attorneys for neglecting their clients' legal matters are, however, instructive. See, e.g., Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Hovda, 578 N.W.2d 673, 675

(Iowa 1998) (holding two-month suspension warranted for multiple delinquencies in seventeen probate cases); *Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Kelly*, 577 N.W.2d 648, 649 (Iowa 1998) (holding public reprimand warranted for failing to file timely petition to modify dissolution decree and for attempting to cover up delay); *Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Erbes*, 573 N.W.2d 269, 271 (Iowa 1998) (holding attorney's neglect of modification of dissolution decree for four years and failure to respond to inquiries from board warranted public reprimand). Plumb's failure to complete or even commence Thomas and Tuinstra's legal matters, and his failure to return his clients' property, should not go undisciplined. His failure to deposit funds in a trust account merits disciplinary action as well. *Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Apland*, 577 N.W.2d 50, 60 (Iowa 1998) (holding public reprimand warranted in case of first impression when attorney failed to deposit client's flat fee payment in trust account under DR 9–102(A)).

In addition to his current violations, we consider Plumb's two prior disciplinary hearings, both of which resulted in public reprimands for similar instances of neglect. *See Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Mears*, 569 N.W.2d 132, 134–35 (Iowa 1997). We agree with the commission that the prior reprimands have not improved Plumb's practice. The commission observed, "[t]he evidence establishes that although the actions of Mr. Van Plumb are not dishonest or deceitful, ... his method of practicing law is sloppy and reckless at best." Plumb's current violations warrant more serious disciplinary action.

The commission recommended only a one-month suspension, and we give respectful consideration to that recommendation. Given the harm his delays undoubtedly caused Plumb's clients and given Plumb's previous violations, however, we suspend Plumb's license indefinitely with no possibility of reinstatement for two months. Upon application for reinstatement, Plumb shall have the burden of proving he has not practiced law during the suspension period and that he has met the requirements for client notification in Court Rule 118.18. Costs are assessed to Plumb pursuant to Court Rule 118.22.

**LICENSE SUSPENDED.**