IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,

v.

James William RAMEY, Respondent.

No. 01–1568.

Supreme Court of Iowa.

Jan. 24, 2002.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

James William Ramey, Salem, Oregon, pro se.

STREIT, Justice.

## I.  Facts and Background

The Iowa Supreme Court Board of Professional Ethics and Conduct (Ethics Board) filed a complaint with our Grievance Commission against respondent, James W. Ramey, alleging he violated several provisions of the Iowa Code of Professional Responsibility.  Our Commission found the Ethics Board had proved certain of the alleged ethical violations and recommended we suspend Ramey's license to practice law for three years.  Our review is required by Court Rule 118.10.  We agree with the Commission's finding of misconduct and with the sanction recommended by the Commission.

Attorney James W. Ramey served as assistant county attorney for fifteen years of his professional career.  During this time, he prosecuted several high-profile cases.  In 1994, he resigned from this position and more recently he has been working as a defense attorney.  In July 2001, Ramey was working as a night clerk at a convenience store in Des Moines, Iowa, and at the state fair grounds during the

Iowa State Fair. From August to September, Ramey was staying with an attorney friend in Des Moines. In September, he moved to Oregon to take care of his ill sister.

This case comes before us based on Ramey's professional employment by his former client, Ms. Edna Downard. None of the following facts are disputed. In July 2000, Ramey was hired to represent Downard and her sisters regarding the estate of their brother. Downard gave Ramey a $1000 retainer. He said he would take action to secure the assets of their brother's estate, seek dismissal of the executor, and try to have the will set aside. Some time after their initial contact, Downard contacted Ramey to inquire on his progress. Ramey stated he would write a letter to Downard's sister Mary. He further stated, "I'm going to come down on them like a ton of brick. I've been working awful hard on this, and I'm going to come down on them like a ton of brick."

After this conversation, Downard never heard from Ramey again despite repeated attempts to contact him. Downard and her sisters left messages with Ramey but he did not respond. One particular message warned Ramey if he did not respond within two or three days, Downard would report Ramey to the Iowa Bar Association. Downard wrote to Ramey requesting return of her $1000 retainer and the documents she provided him. Because Ramey did not respond, Downard and her sisters discharged Ramey and retained a new lawyer, August Luthens. Luthens likewise wrote to Ramey requesting return of the retainer but received no reply.

Downard reported Ramey to the Iowa Supreme Court Board of Professional Ethics & Conduct. On November 10, 2000, Ramey's license to practice law was suspended for failure to comply with continuing legal education requirements. *See* Ct. R. 123.5(a). The Grievance Commission ordered Ramey to return Downard's papers and refund the unearned retainer within thirty days of his suspension, but again Ramey failed to respond. The Ethics Board then filed a complaint alleging five violations of the Iowa Code of Professional Responsibility for Lawyers based on Ramey's handling of Downard's case.

## II. Standard of Review

We review the findings and recommendations of the Grievance Commission de novo. Ct. R. 118.10. We give respectful consideration to the findings and recommendations of the Commission, but are not bound by them. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lemanski*, 606 N.W.2d 11, 13 (Iowa 2000). Misconduct must be proven by a convincing preponderance of the evidence. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sherman*, 619 N.W.2d 407, 409 (Iowa 2000).

## III. The Commission's Findings

Ramey did not appear before the Commission at the hearing on this matter. He continued with a pattern of unresponsiveness and failed to answer the complaint served upon him; therefore, by operation of law, the allegations in the complaint were deemed admitted. The Commission stated "it is clear [Ramey] did fail to carry out the terms of his employment by his client." The Commission further found Ramey failed to return the $1000 retainer and failed to provide accounting for the services, if any, performed. Given these facts, the Commission concluded Ramey's conduct was sufficiently serious to warrant a three-year suspension of his license to practice law.

The evidence in the record shows a convincing preponderance of the evidence supports the Commission's findings. Ramey,

in failing to carry out his term of employment for Downard, violated DR 6–101(A)(3) [1] and DR 7–101(A). [2] *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Plumb*, 589 N.W.2d 746 (Iowa 1999). Because he failed to return Downard's $1000 retainer and failed to provide any accounting for services performed, Ramey also violated DR 9–102(B)(3), [3] (4), [4] and DR 1–102(A)(1). [5] *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Torgerson*, 585 N.W.2d 213, 214 (Iowa 1998); *Comm. on Prof'l Ethics & Conduct v. Iverson*, 505 N.W.2d 494, 496 (Iowa 1993). Finally, Ramey's failure to respond to the Ethics Board's inquiries violated DR 1–102(A)(5) [6] and (6). [7] *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Freeman*, 603 N.W.2d 600, 602 (Iowa 1999) (citing *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Winkel*, 542 N.W.2d 252, 254 (Iowa 1996)).

## IV. Discipline

We must determine the proper sanction based on Ramey's violations of the Code. The appropriate sanction in an attorney disciplinary case is based on the particular facts and circumstances of each case. *Lemanski*, 606 N.W.2d at 13. We consider the nature of the violations, the need for deterrence, protection of the public, maintenance of the reputation of the Bar as a whole, and the violator's fitness to continue to practice law. *Id.* at 14.

In determining the proper sanction, an important factor is an attorney's prior disciplinary history. *Id.* This is not the first time Ramey has faced professional disciplinary proceedings. In 1988, he was disciplined for failing to timely file his income tax returns, making a false statement on a Client Security questionnaire, and failing to respond to the inquiries by the Client Security and Attorney Disciplinary Commission. *Comm. on Prof'l Ethics & Conduct v. Ramey*, 424 N.W.2d 435, 435–36 (Iowa 1988). Ramey's violations resulted in a six-month suspension of his license to practice law. *Id.* at 437. Then in 1994, Ramey's license was again suspended based on rather serious ethical violations. Ramey was disciplined for making a false statement before the court and for failing to disclose exculpatory evidence. *Comm. on Prof'l Ethics & Conduct v. Ramey*, 512 N.W.2d 569, 572 (1994). In this case, we determined it was necessary for us to consider his past misconduct. This violation

1. DR 6–101(A)(3) provides "a lawyer shall not neglect a client's legal matter."

2. DR 7–101(A) provides, in part, a lawyer shall not intentionally:
   (1) Fail to seek the lawful objective of a client through reasonably available means permitted by law and the disciplinary rules, except as provided by DR 7–101(B)....
   (2) Fail to carry out a contract of employment entered into with a client for professional services....
   (3) Prejudice or damage a client during the course of the professional relationship....

3. DR 9–102(B)(3) provides "a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to the client regarding them."

4. DR 9–102(B)(4) provides "a lawyer shall promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

5. DR 1–102(A)(1) provides a lawyer shall not "violate a disciplinary rule."

6. DR 1–102(A)(5) provides a lawyer shall not "engage in conduct that is prejudicial to the administration of justice."

7. DR 1–102(A)(6) provides a lawyer shall not "engage in any other conduct that adversely reflects on the fitness to practice law."

resulted in a three-month suspension of Ramey's license to practice law. *Id.*

In the current disciplinary proceedings, we cannot ignore Ramey's past professional and ethical misconduct. We accordingly give them due weight in determining the appropriate sanction in this case. We are also concerned because the record indicates Ramey's ability to practice law at this time is compromised. His misconduct is of the most extreme inattention to his clients' interests.

Not only does this situation reflect Ramey's disregard for his clients' interest, but it also reflects negatively on his own personal integrity. At the very least, Ramey's failure to respond to this attorney disciplinary proceeding suggests an overall attitude of disrespect and disregard for this profession. Moreover, his misconduct compromises the standards of the legal profession. Ramey's sanction is in part necessary to assure the public the courts will maintain the ethics of the profession. We will not excuse such unsatisfactory performance. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Erbes,* 604 N.W.2d 656, 659 (Iowa 2000); *Comm. on Prof'l Ethics & Conduct v. Paulos,* 410 N.W.2d 260, 262 (Iowa 1987) (citing *Comm. on Prof'l Ethics & Conduct v. Hoffman,* 402 N.W.2d 449, 451 (Iowa 1987); *Comm. on Prof'l Ethics & Conduct v. Vesole,* 400 N.W.2d 591, 592 (Iowa 1987)). "Our ethical canons 'are not primarily intended to mete out abstract justice to wayward attorneys, but rather are chiefly intended to provide protection to the public.'" *Erbes,* 604 N.W.2d at 659.

In conclusion, upon our consideration of all the evidence presented to the Grievance Commission, we give weight to and agree with the recommendation of the Commission. We therefore suspend attorney James W. Ramey's license to practice law in the State of Iowa, with no possibility of reinstatement for a period of three years from the date of the filing of this opinion. Upon application for reinstatement, Ramey shall have the burden to prove he has not practiced law during the period of suspension and that he meets the requirements of Court Rule 118.13. Any hearing on application for reinstatement shall be at least sixty days after the filing of such application. *See* Ct. R. 117.

Costs are assessed to Ramey pursuant to Court Rule 118.22.

**LICENSE SUSPENDED.**