# IN THE SUPREME COURT OF IOWA

No. 10–0325

Filed February 18, 2011

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD,**

Appellee,

vs.

**BRUCE G. THOMAS,**

Appellant.

Appeal from the report of the Grievance Commission of the Supreme Court of Iowa.

Appeal by respondent from grievance commission decision finding respondent committed ethical misconduct and recommending a suspension. **LICENSE SUSPENDED.**

Alan E. Fredregill of Heidman Law Firm, Sioux City, for appellant.

Charles L. Harrington and David J. Grace, Des Moines, for appellee.

**CADY, Chief Justice.**

The Iowa Supreme Court Attorney Disciplinary Board charged Bruce G. Thomas with numerous violations of the Iowa Code of Professional Responsibility for Lawyers resulting from his representation of two clients in a civil matter. The Grievance Commission of the Supreme Court of Iowa found Thomas violated the code of professional responsibility. It recommended Thomas be suspended from the practice of law for a period of not less than six months. Upon our review, we find Thomas violated the code of professional responsibility and suspend his license to practice law for a period of sixty days.

## I. Background Facts and Proceedings.

Bruce G. Thomas is an Iowa lawyer. He was admitted to practice in Iowa in 1976 after he graduated from the University of Iowa. He has engaged in the practice of law as a general practitioner in Sioux City, Iowa, for most of his career, after working as an assistant Woodbury County Attorney.

The board initiated a disciplinary action against Thomas for his conduct in representing Richard and Hydee Case in their personal injury claim arising from an automobile accident in December 2005. The complaint was submitted to the grievance commission upon stipulated facts. Thomas met with the Cases about their claim in March 2006 and timely filed a petition in district court in December 2007. Thomas, however, failed to serve the defendant with notice until April 15, 2008— approximately twenty-eight days after the deadline. Consequently, the district court dismissed the Cases' lawsuit for the procedural infirmity on June 2, 2008. Thomas did not inform the Cases of the dismissal until November 2008. He did not communicate with his clients about the dismissal until November because he was embarrassed by his conduct.

Thomas attempted to delay telling the Cases about the dismissal by avoiding their telephone calls. He sent them a letter in September 2008 assuring them that he would "get to the bottom of the matter."

Thomas defended his failure to accomplish timely service by confessing he had been distracted by the poor health of his elderly mother. As a result of the dismissal, the Cases lost the right to pursue a direct claim for their injuries against the defendant. Thomas suggested they pursue a malpractice action against him to hold him accountable for his mistake. In June 2009, the Cases filed a claim against Thomas with his insurance carrier. Thomas did not dispute that the lawsuit was dismissed as a result of his inaction.

The board charged Thomas with several violations of the code of professional responsibility. The violations broadly pertained to neglect and failure to adequately communicate. Specifically, the board alleged violation of rules 32:1.1 (requiring lawyer to provide competent representation); 32:1.3 (requiring lawyer to act with reasonable diligence and promptness in representing a client); 32:1.4 (requiring a lawyer to keep client informed); 32:3.2 (requiring lawyer to make reasonable efforts to expedite litigation); 32:7.1(a) (finding it misconduct for a lawyer to engage in false or misleading communication related to lawyer services); and 32:8.4(a) (finding it misconduct to violate a disciplinary rule), (c) (finding it misconduct to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and (d) (finding it misconduct to engage in conduct that is prejudicial to the administration of justice). The parties stipulated that Thomas violated rules 32:1.1, 32:1.3, 32:1.4, 32:3.2, 32:7.1(a), and 32:8.4(a) and (d). The parties' stipulation also identified aggravating factors and mitigating factors. The mitigating factors included Thomas's cooperation with the board in the current action, his

efforts to establish office procedures to ensure the same violations will not persist in the future, and his pro bono and other active service to the community. The aggravating factors listed in the stipulation included Thomas's substantial experience in the practice of law and his history of discipline and admonitions. The parties stipulated that Thomas should be subject to a sixty-day license suspension.

Pursuant to the parties' motion to waive hearing, the complaint was submitted to the commission upon the stipulated facts, ethical violations, mitigating and aggravating circumstances, and recommended sanctions. On February 22, 2010, the commission filed its findings of fact, conclusions of law, and recommendations. It adopted the parties' stipulation of facts, including the parties' exhibits. It also adopted the parties' stipulation that Thomas violated rules 32:1.1, 32:1.3, 32:1.4, 32:3.2, 32:7.1(a), and 32:8.4(d).

The commission also found that Thomas violated rule 32:8.4(c) when he told the Cases in September 2008 that he would "get to the bottom" of the dismissal when he knew the case had been dismissed in June 2008. It found this conduct constituted "outright deceit" and was an aggravating circumstance because it represented "an undesirable expansion of historically problematic conduct." It recommended a six-month suspension from the practice of law. It also recommended that, as a condition to reinstatement, Thomas be required to demonstrate he had adopted office practices and policies consistent with preventing further neglect of deadlines and assuring more prompt and direct client communication.

## II.  Standard of Review.

Our review of attorney disciplinary proceedings is de novo.[1]  Iowa Ct. R. 35.10(1).  We give the commission's findings and recommendations respectful consideration, but we are not bound by them.  *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Axt*, 791 N.W.2d 98, 101 (Iowa 2010).  The board has the burden of proving the allegations of ethical misconduct by a convincing preponderance of the evidence.  *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Marzen*, 779 N.W.2d 757, 759–60 (Iowa 2010).

## III.  Ethical Violations.

Neglect exists when an attorney fails to " 'attend to matters entrusted to his care and . . . do so in a reasonably timely manner.' " *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Earley*, 774 N.W.2d 301, 307 (Iowa 2009) [hereinafter *Earley II*] (quoting *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Ramey*, 746 N.W.2d 50, 54 (Iowa 2008)).  It involves an attorney's failure to perform obligations assumed for the client, or a " 'conscious disregard for the responsibilities a lawyer owes to a client.' " *Id.* (quoting *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Kirlin*, 741 N.W.2d 813, 817 (Iowa 2007)).

Thomas failed to accomplish service of the original notice of the Cases' claim within the proscribed time period.  This conduct constituted neglect and was compounded by his failure to communicate with his clients about the missed deadline and dismissal.  As a result, the clients lost their right to proceed with a direct claim for their injuries, and their confidence in Thomas and the legal profession was undermined by his neglect and delayed communication.  Thomas's conduct violated rules

---

[1]We consider stipulations of facts in attorney disciplinary proceedings in light of the entire record.  *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Gailey,* 790 N.W.2d 801, 803 (Iowa 2010).  We are not bound by stipulations on sanctions.  *Id.* at 804.

32:1.3, 32:1.4, and 32:8.4(d).[2]    *See Earley II*, 774 N.W.2d at 307. Thomas's failure to properly attain service also caused an unjustified delay in the case progress, which ultimately led to an unnecessary expenditure of court resources in docketing a case that was not diligently handled.   *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Hoglan*, 781 N.W.2d 279, 284 (Iowa 2010) (holding failure to prosecute constituted violation of rule requiring attorneys to expedite litigation).

The commission also found Thomas deceived his clients when he told them in a letter he would "get to the bottom of the matter."  Thomas wrote the letter after he knew the case had been dismissed.  Thomas maintained his conduct could be implied to mean he needed time to gather an explanation for his conduct leading to the dismissal and collect information from his malpractice insurance carrier for the Cases' benefit. Generally, misrepresentation requires proof of an attorney's intent to deceive.  *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Sobel*, 779 N.W.2d 782, 787 (Iowa 2010).  The surrounding circumstances of the neglect in this case show Thomas acted dishonestly.   His clients were unaware their case had been dismissed, and Thomas purposely gave them the

---

[2]We decline to address the commission's conclusion that Thomas violated rule 32:1.1, which requires an attorney to provide competent representation.  To establish an attorney has violated rule 32:1.1, the board must prove the attorney did not possess the requisite legal knowledge and skill to handle the case or that the attorney did not make a competent analysis of the factual and legal elements of the matter.  *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Hauser*, 782 N.W.2d 147, 153 (Iowa 2010); *see also Iowa Supreme Ct. Att'y Disciplinary Bd. v. Hoglan,* 781 N.W.2d 279, 284–85 (Iowa 2010) (evidence that attorney's handling of a case is neglectful does not also necessarily prove attorney was incompetent).  Although the board demonstrated Thomas neglected the Cases' lawsuit by allowing a personal distraction to cause him to miss a crucial deadline, there is no evidence that Thomas lacked the necessary legal knowledge to handle the case or that he failed to properly analyze the substantive elements of the case.  Furthermore, because the board proved other rule violations, we do not address the board's allegation that Thomas violated rule 32:8.4(a), providing that a lawyer shall not violate a disciplinary rule, as a separate violation.  *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Ackerman*, 786 N.W.2d 491, 496 n.3 (Iowa 2010).

impression he was unaware of the reason the case was not moving forward at a time when he knew the case had been dismissed. The communication by Thomas violated rule 32:8.4(c).

As the commission noted, violations of rule 32:7.1 typically involve misrepresentations about a lawyer's legal services. *See* Iowa Ct. R. 32:7.1(a) & cmt. [1] (designating scope of rule "Communications concerning a lawyer's services" and stating the rule governs communication about a lawyer's services). The stipulated facts support a finding of misrepresentation about the status of the case, but do not establish misleading information relating to the representation of services. As a result, we do not find Thomas's conduct violated rule 32:7.1(a).

## IV. Discipline.

Although there is no standard type of discipline imposed for a specific type of attorney misconduct, we consider " 'the nature of the violations, the need for deterrence, protection of the public, maintenance of the reputation of the Bar as a whole, and the violator's fitness to continue to practice law.' " *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Earley*, 729 N.W.2d 437, 443 (Iowa 2007) [hereinafter *Earley I*] (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Ramey*, 639 N.W.2d 243, 245 (Iowa 2002)). We also consider aggravating and mitigating circumstances. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Cohrt*, 784 N.W.2d 777, 783 (Iowa 2010).

In general, the sanction imposed when neglect is the principle violation can range from a public reprimand to a six-month suspension. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Moorman*, 683 N.W.2d 549, 553 (Iowa 2004). We consider any harm to the client caused by the neglect in determining the proper sanction. *Iowa Supreme Ct. Att'y*

*Disciplinary Bd. v. Casey*, 761 N.W.2d 53, 61 (Iowa 2009). Additionally, neglect compounded by misrepresentation will warrant a more severe sanction because of the critical importance of honesty in our profession. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Grotewold*, 642 N.W.2d 288, 294 (Iowa 2002).

We first consider the mitigating factors in this case. Along with his admission of responsibility for the dismissal and an apology, Thomas was forthcoming to his clients about their opportunity to recover from him in a malpractice suit. After the board initiated an action against him, Thomas was fully cooperative. He has established new office procedures with his law partner and staff to ensure missed deadlines do not occur again. Additionally, Thomas's record of service to the community is exemplary. He has routinely provided free legal advice to staff and clients of Iowa Legal Aid's Sioux City office, often with regard to the specialized topics of real estate and probate in which he has vast experience. Thomas has also actively served on the boards of directors for a local credit union and the Sioux City area Make-a-Wish Foundation chapter.

The primary aggravating factor in this case is Thomas's history of board inquiries and actions against him. Although Thomas has done much good in his service to others, he has also had more than thirty-three years of legal experience tarnished by several delinquencies related to his probate practice area. He has struggled with deadlines over the years and has failed to cooperate fully with the board in its investigations of his conduct on numerous occasions. Thomas has also received a public reprimand for failing to communicate with his client in a probate case.

Considering all the circumstances, we conclude Thomas should be suspended from the practice of law for a period of sixty days. This discipline is consistent with the discipline imposed in other similar cases and is consistent with the goals of imposing discipline in attorney disciplinary matters.

**V. Conclusion.**

We suspend Thomas's license to practice law with no possibility of reinstatement for sixty days from the date of the filing of this opinion. This sanction shall apply to all facets of the practice of law. Iowa Ct. R. 35.12(3).

The costs of this action are assessed against Thomas. Iowa Ct. R. 35.26(1). Thomas's license to practice law shall be automatically reinstated on the day after the sixty-day suspension period expires, provided that Thomas pays all costs assessed against him. *See* Iowa Ct. R. 35.12(2).

**LICENSE SUSPENDED.**