The **COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION,** Complainant,

v.

**Karl J. HORN, Respondent.**

No. 91–1613.

Supreme Court of Iowa.

Feb. 19, 1992.

Norman G. Bastemeyer and Charles Harrington, Des Moines, for complainant.

Karl J. Horn, Charles City, pro se.

Considered by LARSON, P.J., and SCHULTZ, CARTER, NEUMAN, and SNELL, JJ.

LARSON, Presiding Justice.

Karl J. Horn, respondent in this disciplinary proceeding, is an attorney practicing in Charles City, Iowa. A complaint filed by the Committee on Professional Ethics and Conduct of the Iowa State Bar Association (committee) asserts that Horn neglected a legal matter entrusted to him, misrepresented to his client the status of the matter, and failed to cooperate with the committee in its investigation. Our Grievance Commission recommended suspension of Horn's license for a minimum of six months, and we concur.

Testimony at the commission hearing and requests for admissions establish these undisputed facts. James Marlow contacted Horn in approximately June 1989 to foreclose a mechanics' lien. Horn assured Marlow that he would handle the suit and repeatedly assured him that the matter was progressing. Horn stated that the foreclosure suit had been filed, although it had not. The foreclosure suit was not filed until after Marlow filed a grievance complaint with the committee on November 6, 1990.

The committee wrote to Horn, informing him that a complaint had been filed and asking him to respond. Horn failed to communicate with the committee at all. In fact, at no time during the committee's investigation did Horn either respond to the committee's letters or answer its requests for admissions.

After the filing of the disciplinary complaint, Horn agreed to pay Marlow $2100 in settlement of Marlow's mechanics' lien claim. This represented an estimated $2800 value to the claim, less $700 in attorney fees. The first installment on this settlement, $500, was paid in late 1990. The suit to foreclose the mechanics' lien still was not filed. It was finally filed on February 13, 1991.

It is undisputed that, from the time of the initial consultation with Marlow in 1989, Horn did virtually nothing on the case until the foreclosure petition was filed in 1991, despite Horn's representations that the case was moving along. Horn attributed the delay to the "slow wheels of justice." The commission found that there were no complicating factors in the case that would justify the lengthy delay, and Horn does not suggest there were.

The standard of proof in a disciplinary proceeding is a convincing preponderance of the evidence, a greater quantum of evidence than a preponderance, but less than that required to sustain a criminal conviction. *Committee on Professional Ethics & Conduct v. Hurd*, 375 N.W.2d 239, 246 (Iowa 1985).

The commission found that Horn, in accepting the foreclosure suit, failed to comply with EC 6-1 (acting "with compe-

tence and proper care in representing clients"), EC 6–4 ("us[ing] proper care to safeguard the interests of [a] client"), and DR 6–101(A)(3) (care in processing a legal matter).

The commission also found that, by misleading Marlow on the status of the case, Horn violated DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), and EC 6–1. It stated:

> This action of the Respondent most offends the Commission. The practice of law simply cannot have people engaged in it who lie to their clients. It is our obligation to ensure that the citizenry can hire a lawyer that they trust and have reason to trust.

The commission concluded that Horn's failure to answer the committee's letter or respond to the committee's request for admissions violated EC 1–4 (lawyer to assist committees and boards in administration of disciplinary rules), DR 1–102(A)(5), and DR 1–102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law).

Ironically, the case which first recognized that failure to cooperate with the committee constitutes independent grounds of misconduct involved Horn under similar circumstances. *See Committee on Professional Ethics & Conduct v. Horn,* 379 N.W.2d 6, 9 (Iowa 1985).

We agree with the commission's conclusion that these violations were established by a convincing preponderance of the evidence. Horn's 1985 disciplinary case involved strikingly similar charges: neglect of a legal matter, misstatement of the status of the case to his client, and failure to cooperate with the committee. Sadly, Horn did not seem to have been deterred from such conduct by the three-month suspension in the first case.

We agree with the commission that Horn's license to practice law should be suspended and that the prior disciplinary involvement should be taken into consideration. Accordingly, we order that the respondent's license to practice law be suspended indefinitely with no possibility of reinstatement for six months from the date of the filing of this opinion. This suspension shall apply to all facets of the practice of law. Any application for reinstatement shall be governed by Iowa Supreme Court Rule 118.13. Costs of this action are assessed to the respondent.

LICENSE SUSPENDED.