# IN THE SUPREME COURT OF IOWA

No. 78 / 07-0581

Filed July 27, 2007

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

Complainant,

vs.

**STEVEN C. KAISER,**

Respondent.

On review of the report of the Grievance Commission.

Iowa Supreme Court Grievance Commission recommends a sixty-day suspension of respondent's license to practice law in this state. **LICENSE SUSPENDED.**

Charles L. Harrington and Wendell J. Harms, Des Moines, for complainant.

Frank A. Comito and Kent A. Gummert of Gaudineer, Comito & George, L.L.P., West Des Moines, for respondent.

**WIGGINS, Justice.**

The Iowa Supreme Court Attorney Disciplinary Board filed a complaint with the Grievance Commission of the Supreme Court of Iowa against Steven C. Kaiser alleging he violated the Iowa Code of Professional Responsibility for Lawyers when he entered into business ventures with his client without properly making the required disclosures to the client. The Board charged Kaiser with violations of Iowa Code of Professional Responsibility DR 1-102(A)(1) (a lawyer shall not violate a disciplinary rule); DR 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the fitness to practice law); DR 5-101(A) (except with the consent of the client after full disclosure, a lawyer shall not accept employment if the exercise of the lawyer's professional judgment on behalf of the client will be or reasonably may be affected by the lawyer's own financial, business, property, or personal interests); DR 5-104(A) (a lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise professional judgment therein for the protection of the client, unless the client has consented after full disclosure); and DR 5-105(C) (a lawyer shall not continue multiple employment if the exercise of independent professional judgment on behalf of a client will be or is likely to be adversely affected by the representation of another client, except to the extent permitted by DR 5-105(D)).

The parties filed a joint stipulation of facts and their exhibits. Within the stipulation Kaiser and the Board agreed Kaiser violated DR 1-102(A)(1), DR 1-102(A)(6), DR 5-101(A), and DR 5-104(A). The Board also agreed to drop its charge that Kaiser violated DR 5-105(C). The parties stipulated a proper sanction would be a suspension of Kaiser's law license with no possibility for reinstatement for at least three months. The parties waived a

hearing, filed briefs, and submitted the matter to the Commission with the stipulation and exhibits as the record.

The Commission found "[Kaiser] entered into the business ventures with [his client] with nothing less than honorable intentions" and these business ventures "caused [Kaiser] considerably more financial pain than profit." However, the Commission found Kaiser did not meet his "very heavy burden of disclosure." Instead, the Commission pointed out, "[Kaiser] acknowledges that there is no documentation that verifies adequate disclosure of the possible conflicts and consequences inherent in his business venture with [his client]." The Commission noted Kaiser has never previously been the subject of a disciplinary proceeding, but also that "the primary aggravating factor in this case is the fact that a client that clearly needed independent advice and advocacy was undoubtedly denied that commodity due to [Kaiser]'s understandable self-interest in the operation of the lawyer/client business venture." The Commission recommended that Kaiser's license to practice law be suspended for at least sixty days.

On our de novo review of the record we agree with the stipulation and the Commission's finding that Kaiser violated DR 1-102(A)(1), DR 1-102(A)(6), DR 5-101(A), and DR 5-104(A) in connection with his involvement in creating, running, and funding businesses with his client without the client's prior consent after a full disclosure of the potential conflicts.

In determining the proper sanction, we must do so on the record before the Commission. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Lesyshen*, 712 N.W.2d 101, 106 (Iowa 2006). We are not bound by the stipulations of the parties. *Id.* Nor are we bound by the recommendations of the Commission. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Powell*, 726 N.W.2d 397, 400 (Iowa 2007). The sanction given in any particular case is solely

within the authority of this court. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sloan*, 692 N.W.2d 831, 833 (Iowa 2005).

We have imposed sanctions from a public reprimand to revocation when an attorney has improperly conducted business transactions with a client, with a determining factor being the egregiousness of the conduct. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Johnston*, 732 N.W.2d 448, 456 (Iowa 2007).

In this case, Kaiser did not fully disclose the potential conflicts to his client and did not receive the client's informed consent before proceeding to develop and run businesses with his client. Kaiser also used his legal knowledge to protect his own self-interests in an attempt to cover his financial losses. However, the stipulation does not indicate that the client suffered any harm except for having to defend lawsuits he likely would have had to defend even if Kaiser made the proper disclosures. Considering the nature of Kaiser's violations, the protection of the public, deterrence of similar misconduct by others, Kaiser's fitness to practice law, our duty to uphold the integrity of the profession in the eyes of the public, aggravating circumstances, mitigating circumstances, and the sanction we have given in similar cases, we suspend Kaiser's license to practice law in this state for thirty days.

Accordingly, we suspend Kaiser's license to practice law in this state for a period of thirty days from the date of filing this opinion. Kaiser is eligible for reinstatement on the day after the thirty-day period expires unless action is taken to deny reinstatement as provided in Iowa Court Rule 35.12(2). Kaiser must comply with the notification requirements of Iowa Court Rule 35.21. We tax the costs of this action against Kaiser pursuant

to Iowa Court Rule 35.25. Kaiser shall not be reinstated until these costs have been paid.

**LICENSE SUSPENDED.**